# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| OLAUDAH MCKENZIE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV616-086 |
| | ) | CR615-001 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Having pled guilty to, and been sentenced for conspiracy to possess with intent to distribute, and to distribute, cocaine, (doc. 161 (plea agreement)[1], doc. 245 (judgment)), Olaudah McKenzie moves under 28 U.S.C. § 2255 for resentencing absent a career offender sentencing enhancement. Doc. 17. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

McKenzie's Presentence Investigation Report (PSR) deemed him a career offender under U.S.S.G. § 4B1.1 based on prior convictions for

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

crimes of violence and controlled substance offenses. PSR ¶ 30. After adopting the PSR, the Court sentenced him to 169 months' imprisonment (doc. 245), within the Guidelines range of 151-188 months. PSR ¶ 74.

McKenzie argues that *Johnson v. United States*, \_\_\_ U.S. \_\_\_, 135 S. Ct. 2551 (2015), eliminates his prior convictions as predicates for his 4B1.1 enhancement, and thus that he no longer qualifies as a career offender.[2] Doc. 17 at 4. The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague as to violate due process. *See* 135 S. Ct. at 2557.

---

[2] He makes that argument in the context of an ineffective assistance of counsel (IAC) claim. *See* doc. 327 at 6 ("Counsel was Ineffective when he failed to know the applicable law of *Johnson*. . . ."). Ignoring the many possible deficiencies with such an argument, at the end of the day it can't succeed unless *Johnson* itself applies to the Sentencing Guidelines. *See infra.*

2

The Guidelines career offender enhancement's "crime of violence" definition includes the same vague residual clause that *Johnson* found unconstitutional. U.S.S.G. § 4B1.2(a)(2). If (1) *Johnson*'s animating logic applies to the Guidelines, and (2) all but one of McKenzie's predicate convictions qualify as "crimes of violence" under § 4B1.1's residual clause,[3] his career offender enhancement is unconstitutional.

At least in this circuit, *Johnson* does not apply to the Guidelines.

> By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. . . . The Armed Career Criminal Act defines a crime and fixes a sentence, *see* 18 U.S.C. § 924(e), but the advisory guidelines do neither.
>
> The Sentencing Guidelines are merely "the starting point and the initial benchmark," *Gall v. United States*, 552 U.S. 38, 49, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007), designed to "assist . . . the sentencing judge" in determining a sentence, *United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir. 2012) (quoting *United States v. Brierton*, 165 F.3d 1133, 1139 (7th Cir. 1999)). In the end, a sentencing judge "must make an individualized assessment based on the facts presented" and "may not presume that the Guidelines range is reasonable." *Gall*, 552 U.S. at 50, 128 S.Ct. at 596–97.

---

[3] Unlike ACCA, which requires three predicates, § 4B1.1 asks only for two. The PSR does not illuminate which prior offenses undergirded McKenzie's career offender enhancement. *See* PSR ¶ 30 ("The defendant was at least 18 years old at the time of the instant offense; . . . the instant offense . . . is a felony . . . controlled substance offense; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense; therefore, the defendant is a career offender."). He has quite a few that might qualify as either crimes of violence or controlled substance offenses, so it would take the elimination of all but one for *Johnson* to do him any good here.

3

> "The sentencing judge's authority to exercise discretion distinguishes the Guidelines from criminal statutes in a significant and undeniable manner." *Tichenor*, 683 F.3d at 365.
>
> The vagueness doctrine, which "rest[s] on [a] lack of notice," *Maynard v. Cartwright*, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372 (1988), does not apply to advisory guidelines. The Supreme Court has explained that "[a]ny expectation subject to due process protection . . . that a criminal defendant would receive a sentence within the presumptively applicable guideline range did not survive [the] decision in *United States v. Booker*." *Irizarry v. United States*, 553 U.S. 708, 713, 128 S.Ct. 2198, 2202, 171 L.Ed.2d 28 (2008). Another circuit has already held that "[s]ince the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will impose. Defendants' inability to look to the Guidelines for notice underscores why . . . they cannot bring vagueness challenges against the Guidelines." *Tichenor*, 683 F.3d at 365 (footnote omitted).
>
> 'Because there is no constitutional right to sentencing guidelines— or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague.' *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990).

*United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015); *In re: Marvin Griffin*, ___ F.3d ___, 2016 WL 3002293 at * 4 (11th Cir. May 25, 2016) (even mandatory sentencing guidelines cannot be unconstitutionally vague).

4

Accordingly, Olaudah McKenzie's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED** this __11th__ day of July, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA