**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| OLAUDAH McKENZIE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV616-086 |
| | ) | CR615-001 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Movant Olaudah McKenzie moves to unseal 23 docket entries for use in his 28 U.S.C. § 2255 motion. Doc. 292. He suggests that electronic accessibility to sealed documents in this case would assist him in supporting his legal claims. *Id.* He seeks, *inter alia*, unsealing of warrants and orders granting warrants. *Id.* The Clerk automatically sealed these documents, but there does not appear to be any basis for keeping them under seal and the Government has not opposed his motion.

A review of the requested docket entries shows that none will be of any help to him. Transparency, however, is the norm.[1] Accordingly

---

[1] As the Eleventh Circuit explains:

> The common-law right of access "establish[es] a general presumption that criminal and civil actions should be conducted publicly" and "includes the right to inspect and copy public records and documents." *Chi. Tribune Co. v.*

Olaudah McKenzie's motion to unseal documents is **GRANTED**. Doc. 292.

**SO ORDERED,** this __6th__ day of January, 2017.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

*Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam). It is "an essential component of our system of justice" and "is instrumental in securing the integrity of the process." *Id.*

*F.T.C. v. AbbVie Products LLC*, 713 F.3d 54, 62 (11th Cir. 2013); *see also United States v. Peterson*, 627 F.Supp.2d 1359, 1373-74 (M.D. Ga. 2008) (granting defendant's motion to unseal search warrant and affidavit because they are "judicial records," and "judicial documents should not be sealed indefinitely; they should only remained sealed when some interest would be adversely affected if the documents were made public").