# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| OLAUDAH MCKENZIE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV618-039 |
| | ) | CR615-001 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), to which objections have been filed. Doc. 388. McKenzie explains that, because counsel was ineffective and he did not know that at the time of his first petition, his 28 U.S.C. § 2255 motion should not be characterized as second or successive (and thus requiring the Eleventh Circuit permission before this court can review it). *Id.* at 2-3. But nothing about his arguments -- which go to the merits of his motion -- negates the fact that it is, indeed, his *second* § 2255 motion.[1] And, as this Court explained, it

---

[1] "[C]laims based on a factual predicate not previously discoverable are successive." *Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011) (quotes and cites omitted). True, "[i]f . . . the purported defect did not arise, or the claim did not ripen,

has *no* jurisdiction to entertain his second motion until he goes to the Eleventh Circuit and asks for permission to file it. Doc. 385 at 1-3 (citing, *inter alia*, *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)). Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court and movant's motion is **DENIED** without prejudice.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must

---

until after the conclusion of the previous petition, the later petition based on that defect may be non-successive." *Id.*

Here, however, McKenzie's motion hinges on his "personal investigation" into his own criminal history, and his "discovery" of facts supporting his prior contentions to both counsel and the Court. But his first "discovery" -- of evidence that he was in Bulloch County custody from January 9 - 24, 2014 and thus could not have sold 27.79 grams of cocaine to a confidential informant on the 21st (*see* doc. 384 at 20) -- is inapposite to the factual recitation contained in the Presentence Investigative Report (PSR) and accepted by the Court. Indeed, the PSR explains that McKenzie was observed selling 27.79 grams of cocaine hydrochloride to a confidential informant on *February* 21, 2014. PSR at ¶ 5. Meaning, McKenzie's sleuthing turned up no new fact that would render this motion anything but successive *and* counsel could not have been ineffective for failing to discover an irrelevant fact (since his detention the previous month does not negate his February sale).

McKenzie's other "discovery" that the Probation Office relied upon a 1995 juvenile aggravated assault conviction to calculate his criminal history certainly isn't new, nor is his contention that his 2005 obstruction of an officer conviction is insufficiently specific to comprise a predicate offense for sentencing enhancement. Doc. 384 at 33-43 (citing, *inter alia*, *Descamps v. United States*, 133 S.Ct. 2276 (2013)). His motion is successive, and this Court has no jurisdiction to consider it without permission from the Eleventh Circuit to do so.

obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482-84 (2000), movant has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, movant is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

**SO ORDERED** this \_\_11\_\_ day of May, 2018.

LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.