FILED
John E. Triplett, Acting Clerk
United States District Court
By MGarcia at 10:05 am, Nov 05, 2020

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

OLAUDAH MCKENZIE

Case No. 6:15cr001-5

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED in part after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

To the extent McKenzie moves for compassionate release based on COVID-19 alone, his motion is **DENIED**.

☒ DENIED WITHOUT PREJUDICE in part because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

In his motion to the Court, McKenzie cites the risk he faces from COVID-19, along with his medical condition, age, and family circumstances, as warranting his compassionate release. McKenzie, however, has not exhausted his administrative remedies with regard to any of those bases except COVID-19 alone. Indeed, McKenzie's reduction-in-sentence ("RIS") request dated August 24, 2020 does not mention his medical conditions, age, or family. Dkt. No. 418-1. As such, the Bureau of Prisons ("BOP") has had no opportunity to assess those bases, for compassionate release purposes, in light of COVID-19. In order to fully exhaust his administrative remedies for seeking compassionate release based on his medical conditions, age, and family

3

circumstances, in addition to the risk he faces from COVID-19, McKenzie should bring them to the BOP's attention in a new RIS request.

IT IS SO ORDERED.

Dated:
November 5, 2020

_____
UNITED STATES DISTRICT JUDGE