# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| OLAUDAH McKENZIE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV616-086 |
| | ) | CR615-001 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Olaudah McKenzie's first 28 U.S.C. § 2255 motion to vacate his conviction was denied on the merits in 2017, doc. 353 (Report and Recommendation), *adopted* doc. 367; 370 (Judgment)[1], and his motion for a certificate of appealability was denied by the Eleventh Circuit, *McKenzie v. United States*, No. 17-11869 (11th Cir. Oct. 13, 2017). In 2018, he filed another § 2255 motion, doc. 384, that was dismissed as an unauthorized successive motion over McKenzie's objection, doc. 385 (Report and Recommendation), *adopted* doc. 389; *see also* doc. 388 (Objection). McKenzie is back, again, and this time he asks the Court to

---

[1] The Court cites to the criminal docket in CR615-001, unless otherwise noted.

"recall 2255 mandate dated January 11, 2017 for failure of District Court to elicit objection from the Petitioner during his 2255 proceedings." Doc. 443. The Court should construe that request as a successive § 2255 motion and **DISMISS** it as unauthorized. Doc. 443; *see also* CV616-086, doc. 27.

The procedural basis for McKenzie's Motion is, charitably, difficult to understand. To the extent that it is comprehensible, he appears to object to the Report and Recommendation that his original § 2255 motion be dismissed, which was issued on January 11, 2017. *See* doc. 353. That Report and Recommendation noted that the Government did not provide *Shepard* documents related to an aggravated assault conviction. *See id.* at 15-16 n. 7 (citing *Shepard v. United States*, 544 U.S. 13 (2005)). Despite the lack of *Shepard* documents, the Report and Recommendation explained that McKenzie, "had at least two prior predicate offenses," so "the fact that his prior conviction for an aggravated assault may not qualify as a predicate offense does not change his career-offender designation." *Id.* McKenzie filed an objection to the Report and Recommendation, specifically disputing the analysis of his career-offender designation. *See* doc. 359 at 8-11; *see also* doc. 353 at 26-27

2

(informing McKenzie of his right to object to the Report and Recommendations, pursuant to 28 U.S.C. § 636(b)(1)(B)). The District Judge adopted the Report and Recommendation over his objections. Doc. 367. He appealed. Doc. 374. Both the District Judge and the Court of Appeals denied him a certificate of appealability and leave to proceed *in forma pauperis*. *See* doc. 379; *see also McKenzie*, 17-11869 (11th Cir. Oct. 13, 2017); *McKenzie*, 17-11869 (11th Cir. Dec. 14, 2017) (denying Motion for Reconsideration). Despite that procedural history, McKenzie's instant Motion contends that the "District Court failed to properly elicit objection from Petitioner during 2255 proceeding," and objects to the analysis of his career-offender designation. *See, e.g.,* doc. 443 at 2.

Although he references the 2017 Report and Recommendation, the substance of his Motion focuses on alleged errors at his sentencing. *See, e.g.,* doc. 443 at 4. His allegation that he was not given an opportunity to object to the Report and Recommendation is flatly contradicted by the record, which includes his objection. Alternatively, he perhaps alleges that the Report and Recommendation erred in its analysis of his career-offender status. *See id.* at 4-5. To the extent that he contends that the Magistrate Judge erred in the analysis of his career-offender status, that

analysis was adopted by the District Judge and the Court of Appeals denied him leave to appeal *in forma pauperis* expressly because he failed to "show that reasonable jurists would find debatable . . . the merits of an underlying claim." *McKenzie*, 17-11869 (11th Cir. Oct. 13, 2017).

Despite the inscrutable invocation of the 2017 Report and Recommendation, the relief sought in McKenzie's instant motion clearly identifies it as a successive § 2255 motion. After discussing his objections to the consideration of his criminal history at sentencing, he requests that the Court "grant him the relief . . . that he is not a career offender and re-sentence him without the career offender enhancement and correct this miscarriage of justice . . . ." Doc. 443 at 10. Resentencing is one of the specifically enumerated remedies available under § 2255. *See* 28 U.S.C. § 2255(b); *see also, e.g., United States v. Cody*, 998 F.3d 912, 915-16 (11th Cir. 2021) (explaining that, if a court finds relief under § 2255 appropriate, it "select[s] one of four remedies: discharge the prisoner, *resentence him*, grant a new trial, or correct the sentence." (emphasis added) (internal quotation marks and citation omitted)). The Court of Appeals has recognized that a motion, purportedly filed pursuant to Federal Rule of Civil Procedure 60(b), which "seeks to

4

present a new ground for relief from a [criminal] judgment *or if it attacks the federal court's previous resolution of a claim on the merits*," was properly construed as a § 2255 motion. *United States v. Knowles*, 638 F. App'x 977, 979 (11th Cir. 2016) (emphasis added) (citation omitted). Further supporting the construction of the instant Motion as a § 2255 motion, McKenzie expressly asserts that this Court has jurisdiction to consider it "pursuant to 28 U.S.C. § 2255(f)(4)." Doc. 443 at 3. The most plausible construction for McKenzie's Motion, therefore, is a motion for resentencing pursuant to § 2255.

This Court has the authority to ignore the label attached to the motion and recharacterize it. *Retic v. United States*, 215 F. App'x 962, 964 (11th Cir. 2007) (*citing Castro v. United States*, 540 U.S. 375, 381 (2003); *see also Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013) (The Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis."). Normally, the Court would warn a *pro se* litigant about the effect of such a recharacterization. *See, e.g., Castro* 540 U.S. at 383. Such a warning is unnecessary here because McKenzie has already filed multiple § 2255 motions and, as explained below, requires

5

approval from the Court of Appeals before he can proceed on the claims asserted. *See, e.g., Irick v. United States*, 2018 WL 5624307, at *1 n. 2 (S.D. Ga. Oct. 15, 2018) (noting that *Castro* warning was not required where the movant "has already filed multiple prior § 2255 motions and requires appellate court approval before filing another. . .").

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s]

jurisdiction to consider [a movant's] second or successive" motion. *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).

Whatever label McKenzie places on his Motion, it is most plausibly construed as a § 2255 motion. So construed, and in the absence of approval from the Court of Appeals, this Court lacks jurisdiction to consider it. *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); s*ee also Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003) ("when a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions"). McKenzie's Motion should, therefore, be **DISMISSED**. Doc. 443; *see also* CV616-086, doc. 27.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 9th day of August, 2022.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA