# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| OLAUDAH MCKENZIE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV616-086 |
| | ) | CR615-001 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. CR615-001, doc. 444; CV616-086, doc. 28. Accordingly, McKenzie's objections are **OVERRULED** and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. McKenzie's Motion "to recall 2255 mandate" is construed as an unauthorized successive § 2255 motion. Since the Court lacks jurisdiction to consider that Motion, it is **DISMISSED**. CR615-001, doc. 443; CV616-086, doc. 27. Civil case CV616-086 stands **CLOSED**.

As the Magistrate Judge noted, the procedural basis for McKenzie's motion is "difficult to understand." CV616-086, doc. 28 at 2.[1] McKenzie's objection does little to clarify. It does not dispute the Magistrate Judge's recommendation that the motion be construed as a 28 U.S.C. § 2255 motion, however. *See generally* doc. 29. To the extent that it does address the issue at all, the Objection appears to concede that McKenzie seeks relief under § 2255. *See, e.g., id.* at 1 (requesting that the Court "reject the Magistrate Judge [sic] Report and Recommendation and [g]rant Petitioner [sic] relief in his 2255 petition / motion to recall previous mandate . . ."). McKenzie's Objection also does not challenge the Magistrate Judge's conclusion that, construed as a § 2255 motion, the instant motion is successive. *See generally* doc. 29.

Regardless of the procedural posture, the substance of the Motion "focuses on alleged errors at [McKenzie's] sentencing." Doc. 28 at 3. McKenzie's Objection does not dispute the Magistrate Judge's analysis of the substance of the Motion. *See generally* doc. 29. Instead, it argues emphatically against the Government's contention that his 2017 § 2255 motion was untimely. *See, e.g., id.* at 4. He then argues that his motion

---

[1] The Court cites to the docket in CV616-086 unless otherwise noted.

2

is timely, pursuant to 28 U.S.C. § 2255(f)(4). *Id.* at 18. He also argues that he has alleged facts sufficient to overcome "procedural default." *See id.* at 25-26. In addition to his arguments concerning the timeliness and procedural propriety of his motion, he also repeats the contention of his original motion that "the order of January 11, 2017 . . . did not give petitioner [sic] an opportunity to object" to a prior conviction relied upon at his 2015 sentencing.[2] *Id.* at 1.

Given McKenzie's apparent concession that his Motion is, in fact, a § 2255 motion, his arguments for its timeliness and preemptory responses to whether his claims are procedurally defaulted are irrelevant. *See* doc. 29 at 18-25. As the Magistrate Judge explained, once his Motion is recognized as a § 2255 motion, the fact that his prior § 2255 was denied on its merits deprives this Court of jurisdiction to consider it, without authorization from the Court of Appeals. *See* doc. 28 at 6-7. The only tangential recognition of the successiveness bar in McKenzie's Objection suggests that his allegation of a "miscarriage of justice" is sufficient to overcome it. *See* doc. 29 at 25 (citing *Kuhlman v. Wilson*, 477 U.S. 436, 454 (1986)). He also cites to Supreme Court

---

[2] The Court notes, as did the Magistrate Judge, *see* doc. 28 at 3-4, that McKenzie did object to the former Magistrate Judge's Report and Recommendation issued on January 11, 2017. *See* doc. 14.

3

precedent that he contends supports the proposition that "a federal court may, consistent with AEDPA, recall its mandate in order to revisit the merits of a decision." *Id.* (citing *Calderon v. Thompson*, 523 U.S. 538 (1998)).

Those citations indicate that McKenzie misconstrues the respective roles of this Court and the Court of Appeals.[3] Charitably construed, McKenzie's Objection argues that he subsequently discovered facts which showed that his counsel provided ineffective assistance at his sentencing. *See, e.g.*, doc. 29 at 19 (contending "it was

---

[3] *Calderon*, upon which McKenzie principally relies, determined "courts of appeals . . . have an inherent power to recall their mandates . . . ." 523 U.S. at 549. It does not consider, even tangentially, the prohibition on second or successive § 2255 motions. *See, e.g., id.* at 541-42 (listing as questions presented (1) "whether the Court of Appeals' order recalling its mandate violated 28 U.S.C. § 2244(b) . . . , as amended by [AEDPA]; and second, whether the order was an abuse of the court's discretion." (citations omitted)). The other cases cited predate AEDPA's express prohibition on second or successive motions. *See* doc. 29 at 25 (citing *Kuhlmann*, 477 U.S. 436; *McClesker v. Zant*, 499 U.S. 467 (1991); *Keeney v. Tamaya-Reyes*, 504 U.S. 1 (1992), *Coleman v. Thomson*, 501 U.S. 722 (1991); *Murray v. Carrier*, 477 U.S. 478 (1986)). Their application to the bar on second or successive motions is, therefore, obscure at best. *Cf., e.g., Shinn v. Ramirez*, ___ U.S. ___, 142 S. Ct. 1718, 1734 (2022) (noting "AEDPA largely displaced *Keeney* . . ."). McKenzie's suggestion that "'successive' petitions asserting previously rejected claims," are tantamount to "procedural defaults," is simply incorrect. *See* doc. 29 at 25-26 (discussing cases holding that actual innocence or miscarriage of justice is sufficient to overcome a movant's failure to raise a constitutional issue on direct review, *i.e.* a "procedural default"). It is well-established that an unauthorized successive motion is not merely procedurally defective. "Without authorization, the district court *lacks jurisdiction* to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (emphasis added); *see also Oliver v. United States*, 714 F. App'x 971, 972 (11th Cir. 2018) (describing satisfaction of the authorization requirements of § 2255(h) as "a threshold jurisdictional issue . . . .").

4

not until 1 / 2018, that petitioner [sic] was able to obtain the facts to support his claims . . . (emphasis in original)). The Eleventh Circuit has expressly held that "claims based on a *factual* predicate not previously discoverable are successive . . . ." *Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011). "Newly discovered evidence," is precisely the situation contemplated by § 2255(h)(1) as requiring certification from the Court of Appeals. *See* 28 U.S.C. § 2255(h)(1). McKenzie's Objection might imply that he has such evidence, but that contention must be certified by the Court of Appeals before this Court has jurisdiction to consider it.

Since McKenzie's Objection concedes the "Motion to Recall 2255 Mandate Dated January 11, 2017 . . .," is, in fact, a § 2255 motion, and appears to contend that it asserts grounds based on newly discovered evidence, the Magistrate Judge correctly determined that it is successive. This Court, therefore, lacks jurisdiction to consider the Motion unless it is authorized by the Court of Appeals. McKenzie does not dispute that he has neither sought nor obtained such authorization. His objections are, therefore, **OVERRULED**. Doc. 29. The Magistrate Judge's Report and Recommendation is **ADOPTED** as the Opinion of

the Court. McKenzie's Motion, construed as a successive § 2255 motion, is, therefore, **DISMISSED**. CV616-086, doc. 27; CR615-001, doc. 443.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482-84 (2000), movant has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[4] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, movant is not entitled to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

---

[4] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

**SO ORDERED** this __16__ day of September, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA