# In the United States District Court
# for the Southern District of Georgia
# Statesboro Division

```
UNITED STATES OF AMERICA

     v.                                CR 615-001-5

OLAUDAH MCKENZIE,

     Defendant.
```

### ORDER

Before the Court is Defendant Olaudah McKenzie's motion for reconsideration. Dkt. No. 484. Defendant asks the Court to reconsider its Order dismissing his motion for a sentence reduction for failure to exhaust his administrative remedies. Id. After a review of the record as supplemented, the Court is satisfied that Defendant has exhausted his administrative remedies. Accordingly, his motion for reconsideration, dkt. no. 484, is **GRANTED**. However, after a review of the merits, Defendant's motion for sentence reduction, dkt. no. 478, is **DENIED**.

### BACKGROUND

On January 6, 2015, Defendant and eight co-defendants were named in a twenty-nine-count indictment alleging various drug distribution offenses. Dkt. No. 3. In the indictment, Defendant was charged with one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, one

count of distribution of cocaine, and three counts of unlawful use of a communication facility. Id.

On June 23, 2015, pursuant to a written plea agreement, Defendant pleaded guilty to the lesser included offense of conspiracy to possess with intent to distribute and to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and § 846, in exchange for the Government agreeing to 1) not object to U.S. Probation's recommendation that Defendant receive a three-level reduction for acceptance of responsibility, 2) dismiss the remaining counts, and 3) consider whether Defendant's cooperation qualifies as substantial assistance that warrants a motion for downward departure. Dkt. No. 161 at 1, 2. Defendant's conviction carried no mandatory minimum sentence and a statutory maximum sentence of twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(C). Id. at 2.

The Presentence Investigation Report attributed Defendant with 177.19 grams of cocaine base and 343.17 grams of cocaine hydrochloride. As a result, Chapter Two of the 2014 edition of the United States Sentencing Guidelines provided for a base offense level of 28. However, Defendant qualified as a career offender based on his extensive criminal history. As a result, Chapter Four of the Sentencing Guidelines provided for a base offense level of 32 due to Defendant facing a maximum possible sentence of twenty years' imprisonment for his offense of conviction. Adjusting for

2

acceptance of responsibility, Defendant's total offense level was 29. The Chapter Four total became the final total offense level because it exceeded the offense level calculated under Chapter Two. A total offense level of 29 combined with a criminal history category of VI provided for a Guideline range of 151 to 188 months of imprisonment. On October 19, 2015, Defendant was sentenced to 169 months' imprisonment with the Bureau of Prisons. Defendant did not directly appeal. He is currently incarcerated at Victorville Medium II FCI with a projected release date of April 22, 2027.

**DISCUSSION**

In his motion, Defendant requests the Court "reduce [his] sentence significantly." Dkt. No. 478 at 19. In support, Defendant relies on the First Step Act of 2018, the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), United States v. Dupree, 57 F.4th 1269 (11th Cir. 2023), and United States v. Borden, 593 U.S. 420 (2021).

**I.  First Step Act**

Defendant first moves, pursuant to 18 U.S.C. § 3582(c)(2), for relief under the First Step Act. Dkt. No. 478 at 6. "The First Step Act made retroactive the statutory penalties for a 'covered offense' under the Fair Sentencing Act." United States v. Jasmin, 828 F. App'x 551, 553 (11th Cir. 2020) (citing First Step Act § 404). "A movant is convicted of a 'covered offense' if

3

he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii), and 'if section two or three of the Fair Sentencing Act modified its statutory penalties.'" Id. (internal citations omitted) (citing United States v. Jones, 962 F.3d 1290, 1298, 1301 (11th Cir. 2020)).

Defendant, however, is not eligible for a sentence reduction under the First Step Act because he was charged, convicted, and sentenced after August 3, 2010. See Concepcion v. United States, 597 U.S. 481, 505 (2022) ("First Step Act sentence-modification proceedings are available only for offenders who were sentenced before August 3, 2010." (Kavanaugh, J., dissenting)); Jones, 962 F.3d at 1303 ("[T]he First Step Act does not permit a reduction when the Fair Sentencing Act would not have benefitted the defendant."). Therefore, Defendant's motion for a sentence reduction based on the First Step Act is **DENIED**.

## II. Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)

Defendant next argues that, if he were sentenced today, his sentence would be substantially shorter because he would no longer be designated a career offender in light of Dupree and Borden, and this constitutes an extraordinary and compelling reason warranting release under § 3582(c)(1)(A).

### A. Dupree

In Dupree, the defendant, on direct appeal, argued that his 21 U.S.C. § 846 conspiracy conviction could not serve as a

4

predicate for his career offender enhancement because the Sentencing Guidelines' definition of "controlled substance offense" omitted conspiracy and other inchoate crimes. 57 F.4th at 1271. The Eleventh Circuit had to decide whether the definition of "controlled substance offense" in U.S.S.G. § 4B1.2(b) includes inchoate offenses such as conspiracy and attempt. Id. The Court held that, as written, it does not and remanded the case for resentencing. Id.

In the instant motion, Defendant argues his § 846 conspiracy offense cannot be used to enhance his sentence as a career offender. However, Dupree does not offer Defendant the relief he seeks. First, the Sentencing Commission has amended the Guidelines to expressly include inchoate offenses. U.S.S.G. § 4B1.2(d) ("The terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense."). Further, even in the absence of the Guideline amendments, Dupree does not retroactively apply to Defendant. "Dupree was decided by the Eleventh Circuit Court of Appeals—not Supreme Court-[over seven] years after [Defendant] was sentenced in [October 2015]; there has been no recognition by the Supreme Court of a newly recognized right regarding the definition of a 'controlled substance offense' in the Sentencing Guidelines as set forth in Dupree that has been made retroactively applicable on collateral review." Wallace v.

5

United States, No. CV 623-20, CR 620-001, 2003 WL 5498992 (S.D. Ga. July 25, 2023) (citing In re Boyd, No. 23-10705, 2023 U.S. App. LEXIS 6824, at *3 (11th Cir. Mar. 21, 2023) (explaining change to U.S. Sentencing Commissioner's amendment of career offender guideline is not a new rule of constitutional law and Dupree is a decision of the Eleventh Circuit, "not a retroactively applicable decision of the U.S. Supreme Court")). Therefore, Dupree does not reduce Defendant's sentence.

### B. Borden

In Borden, the Supreme Court had to decide "whether the [Armed Career Criminal Act's] . . . definition of 'violent felony'—an offense requiring the 'use of physical force against the person of another'—includes offenses criminalizing reckless conduct." 593 U.S. at 429. The Court held that it does not, meaning that a criminal offense that requires only a *mens rea* of recklessness cannot count as a "violent felony" under the elements clause of the Armed Career Criminal Act.

In his motion, Defendant contends his career offender status was based in part on his state conviction for willful obstruction of a law enforcement officer, an offense that requires only recklessness, and that Borden invalidates his career offender designation. However, Borden does not offer Defendant the relief he seeks.

6

Under § 4B1.1 of the Sentencing Guidelines, a defendant is deemed a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). In Defendant's case, he pled guilty to a controlled substance felony offense. Even if the Court were to disregard Defendant's conviction for willful obstruction of a law enforcement officer, he still has two other prior qualifying convictions that satisfy the third prong of 4B1.1(a): aggravated assault (crime of violence) and possession of cocaine with intent to distribute (controlled substance offense). Therefore, Defendant is correctly designated a career offender, and Borden does not reduce his sentence.

Because neither Dupree nor Borden reduce Defendant's sentence, the Court finds he has not met his burden to show an extraordinary and compelling reason warranting compassionate release. Accordingly, his motion for a sentence reduction based on compassionate release is **DENIED**.

## CONCLUSION

Defendant's motion for reconsideration, dkt. no. 484, is **GRANTED**. However, after a review of the merits, Defendant's motion for sentence reduction, dkt. no. 478, is **DENIED**.

**SO ORDERED**, this 27 day of December, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA