# In the United States District Court for the Southern District of Georgia Statesboro Division

UNITED STATES OF AMERICA

v.

OLAUDAH MCKENZIE,

Defendant.

CR 615-001-5

### ORDER

Before the Court is Defendant Olaudah McKenzie's motion for reconsideration of his motion for a sentence reduction. Dkt. No. 490. Defendant argues his conviction for willful obstruction of a law enforcement officer does not count as a crime of violence under the Armed Career Criminal Act. See id. Defendant also argues that his conviction for aggravated assault cannot be considered when determining whether he qualifies as a career offender because he was seventeen when he committed the offense. See id. Defendant's motion is **DISMISSED**.

First, Defendant is once again attempting to collaterally attack his sentence. See United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007) ("[W]hen a motion . . . attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion."). Through his motion for reconsideration, Defendant is attempting to circumvent having to obtain authorization from the

Eleventh Circuit to file a successive 28 U.S.C. § 2255 petition. See Dkt. Nos. 326, 384. Section 2255(h) requires that prisoners wishing to file a successive petition to collaterally challenge their conviction or sentence must first obtain permission from the Court of Appeals. Defendant has not done so. The Court thus lacks jurisdiction to consider Defendant's motion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Further, Defendant has failed to make a prima facie showing that satisfies the statutory criteria to file a second or successive § 2255 motion to vacate. 28 U.S.C. § 2255(h)(1), (2). He has not identified any new evidence entitling him to relief. Id. at § 2255(h)(1). While Defendant contends that Borden v. United States, 593 U.S. 420 (2021), entitles him to relief, Borden does not announce a new rule of constitutional law that applies retroactively on collateral review. First, Borden does not announce a new rule of constitutional law. 28 U.S.C. § 2255(h)(2). Rather, Borden simply interpreted the meaning of the statutory term "violent felony" in the Armed Career Criminal Act. Borden, 593 U.S. at 444. The Supreme Court's interpretation of a substantive criminal statute, using established rules of statutory construction, does not announce a new rule of constitutional law under § 2255. In re Blackshire, 98 F.3d 1293, 1294 (11th Cir. 1996). Moreover, the Supreme Court has not made Borden retroactive on collateral review. § 2255(h)(2); Tyler v. Cain, 533 U.S. 656,

2

661-66 (2001). <u>Borden</u> contains no language indicating that the Supreme Court intended for it to apply retroactively. <u>See generally</u> <u>Borden</u>, 593 U.S. 420.

For these reasons, Defendant's motion for reconsideration, dkt. no. 490, is **DISMISSED**.

**SO ORDERED**, this 13 day of March, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA